**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM JAMES COCKSHUTT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-896-BH** |
| | § | |
| **ANDREW SAUL,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant.** | § | **Consent Case[1]** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Plaintiff William James Cockshutt's Opposed Motion for Attorney's Fees Pursuant to the Equal Access for Justice Act (28 U.S.C. § 2412(d)(1)(A)) and Memorandum in Support Thereof*, filed November 18, 2020 (doc. 24). Based on the relevant filings and applicable law, the motion is **GRANTED in part**.

## I. BACKGROUND

On April 12, 2019, William James Cockshutt (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner)[2] denying his claim for disability insurance benefits under the Social Security Act. (docs. 1 at 2.)[3] On November 2, 2020, the Commissioner's decision was reversed in part, and the case was remanded for further proceedings. (docs. 20-21.) Plaintiff then moved for, and was granted, additional time to file his motion for attorney's fees under § 406(b) of the Social Security Act. (docs. 22-23.) On November

---

[1]By consent of the parties and order filed June 2, 2020 (doc. 17), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2]Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

18, 2020, Plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA). (docs. 24.) The Commissioner does not object to the hourly rate, but objects to the number of hours claimed, and contends that Plaintiff's request for costs should be paid from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304. (doc. 27 at 1.) Plaintiff agrees to a reduction of 2.5 hours for clerical tasks, a reduction of the .7 hours that the Commissioner challenged as "unnecessary," and seeks attorney's fees for litigating his EAJA application. (doc. 28 at 3.) Attached to his reply is a supplemental time sheet (Supplemental Statement), detailing the 8.5 hours spent litigating his EAJA application. (*See* doc. 28 at 9; doc. 28-1.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[4] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] It is, however,

4 To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

5 The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These

"not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

## A. Hourly Rate

The Commissioner does not object to Plaintiff's requested hourly rate. (doc. 27 at 1.)

Plaintiff requests that the $125 hourly rate under the EAJA be adjusted using the United States Department of Labor's Consumer Price Index for the Dallas-Fort Worth area (DFW CPI). (doc. 24 at 2.) Including a month-to-month cost of living adjustment[6], his hourly rate for services rendered is:

(1) $198.75 per hour for April through June 2019;

(2) $201.25 per hour for July, August, and October 2019, and January 2020;

---

factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

6 Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Fees may be calculated using a higher rate based on an increase in the cost of living or other "special factor." *Id* .

(3) $198.75 for May through June 2020; and

(4) $ 202.50 for August through December 2020.

(*See* docs. 24 at 2-4, 6, 22-23; doc. 28 at 5; 28-1 at 1.) He seeks payment for 46.9 attorney hours at $198.75, 9 attorney hours at $201.25, and 18.6[7] attorney hours at $202.50, for a total of $15,482.26 in attorney's fees.

Although the Commissioner "does not object to the requested hourly rates," he seeks a reduction of 28.2 attorney hours "for work performed in 2019 . . . at $198.75 per hour, equaling $5,107.87," and 6.4 hours "for work performed in 2020 . . . at $202.50 per hour for a total of $1,134.00[.]" (doc. 27 at 1, 10.) Plaintiff calculated his attorney hourly rate using a monthly cost of living adjustment which results in three different hourly rates. (doc. 24 at 3-4.) To calculate the percentage increase, Plaintiff uses 148.5 from March 1996 as the base index level, which is "the exact *month* in which the statutory maximum fee was increased from $75 to $125 per hour[.]" *Allsbury v. Barnhart*, 473 F. Supp. 2d 732, 735 (E.D. Tex. 2007) (emphasis in original). A cost of living adjustment and the proposed method of calculation is discretionary, however. *Arteaga v. Saul*, No. 4:18-CV-3475, 2020 WL 7010036, at *2 (S.D. Tex. May 14, 2020) ("The Court has wide discretion in calculating any increase in the hourly rate."); *see also McClung v. Comm'r, Soc. Sec. Admin.*, No. 2:13-CV-00143, 2015 WL 2197963, at *3 (E.D. Tex. May 11, 2015) (finding that in the exercise of its discretion, the court "could accept or reject the proposed method of calculating the cost of living adjustment on a monthly rather than an annual basis").Using the DFW CPI, the hourly rates for attorney's fees, including a cost of living adjustment, are $198.75 per

7 This number consists of 10.1 hours for attorney work on the appeal and 8.5 hours for litigating the EAJA application.

hour for April through June 2019[8]; $201.25 per hour for July, August, and October 2019, and January 2020; $198.75 for May through June 2020; and $ 202.50 for August through December 2020[9].

Because the Commissioner does not object to Plaintiff's month-to-month calculation, using the more specific monthly hourly rate is appropriate in this case. *See Paul v. Colvin*, No. 3:12-CV-0130-G BH, 2013 WL 5691973, at *2 (N.D. Tex. Oct. 18, 2013) (using the month-to-month DFW CPI calculation rather than an annual calculation); *see also McClung v. Comm'r, Soc. Sec. Admin.*, No. 2:13-CV-00143, 2015 WL 2197963, at *3 (E.D. Tex. May 11, 2015) ("The Court accepts Plaintiff's method of calculating the cost of living adjustment on a monthly basis.").

**B. <u>Attorney Hours</u>**

As the prevailing party, Plaintiff has requested $13,361.01 in attorney's fees based on 65.90 hours of attorney work in litigating this appeal in federal court, $1,721.25 in attorney's fees for 8.5 hours in litigating this EAJA application, and an additional $400.00 for filing fees, for a total of $15,482.26. (docs. 24 at 6, 22-23; 28 at 5.) He has submitted a time sheet (Statement), which consists of detailed time entries for legal services rendered by his counsel for his social security appeal. (doc. 24 at 17-23.) The entries show the amount of time expended for each activity, including drafting the twenty-four page brief addressing four issues on appeal, and they are organized by the date the legal services were rendered between April 8, 2019 and November 8,

---

8 To compute the monthly cost of living adjustment, the difference between the original and new monthly DFW CPI is first calculated. For example, the original factor DFW CPI in April 1996 was 148.5. Using the DFW CPI, the March 2019 DFW CPI is 236.495, so the difference is 87.995. That difference is divided by 148.5 to determine the percentage of increase in the CPI, which equals 59%. Next, $125.00 (the hourly rate established in 1996) is multiplied by the latter figure to determine the hourly rate increase, which equals $73.75. That amount is added to $125.00 to determine the adjusted hourly attorney fee rate for the DFW area of $198.75.

9 The monthly hourly rates are calculated using the same calculation, and the DFW CPI.

2020.[10] (*See id*; doc 12.) A supplemental statement details work from November 18, 2020 through December 10, 2020, on the EAJA application. (*See* doc. 28-1 at 2-3.)

The Commissioner argues that the typical EAJA application for attorney's fees in social security cases involve between 30 and 40 hours of attorney work. (*See* doc. 27 at 8.) He contends that the requested 65.9 attorney hours are excessive and unreasonable, that Plaintiff has not met the burden of proving entitlement for that amount of hours, and that the allowable amount should be reduced to 34.6 hours. (*Id.* at 8, 10.)

***1. Clerical Tasks***

The Commissioner first argues that 2.5 attorney hours were performed for clerical tasks, and "did not require the exercise of legal judgment or knowledge." (doc. 27 at 2.)

Here, Plaintiff seeks fees for attorney hours spent drafting representation paperwork to be mailed to the client, making phone calls for status updates or clarification on court orders, calendaring deadlines or tasks, and downloading documents from CM/ECF. (doc. 24 at 17-18, 20-22.) He spent a total of 2.1 attorney hours in 2019, and .40 attorney hours in 2020 on clerical tasks. His reply does not dispute that these tasks were clerical and states that he "will not object to the court reducing the overall EAJA fee award by 2.5 hours for clerical tasks[.]" (doc. 28 at 3.)

"Purely clerical tasks may not be properly billed at an attorney rate." *Culmer v. Berryhill*, No. 4:18-CV-1266, 2019 WL 2526720, at *1 (S.D. Tex. May 30, 2019), *report and recommendation adopted*, No. CV H-18-1266, 2019 WL 2524235 (S.D. Tex. June 19, 2019); *see*

---

10 While some of the entries for multiple activities identify the amount of time expended on each activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks.

*also Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL 4594945, at *6 (S.D. Tex. Sept. 2, 2016) ("Examples of clerical tasks include calendaring, printing, filing, obtaining information about court procedures, and delivering pleadings."). The total time spent on clerical tasks totals 2.5 hours, and Plaintiff will "not be awarded attorney's fees for clerical work that could easily be performed by support staff." *Show, Inc. v. United States*, No. 4:12-CV-429-Y, 2016 WL 6538253, at *8 (N.D. Tex. Mar. 3, 2016) (citing *Harris v. Colvin*, No. 3:11-CV-1089-M-BH, 2013 WL 2896880, *5 (N.D. Tex. June 13, 2013)). The total attorney hours are reduced by 2.5 hours.[11]

***2. Unnecessary Tasks***

The Commissioner also argues that Plaintiff seeks .7 hours in 2019 for "things that 'might' have been important, but did not actually lead to any benefit." (doc. 27 at 5.) Plaintiff does not object to a .7 hour reduction for the challenged time associated with researching the possibility of obtaining attorney's fees under the APA. (doc. 28 at 3.) The attorney hours are reduced by .7 hours.[12]

***3. Extraordinary Circumstances***

The Commissioner next argues that the attorney's fees should be reduced by approximately 13 hours because "[a]s Plaintiff's counsel admitted, the Court did not address" his challenge to the validity of the agency's rule-making authority, and it "appears to be outside the norm of simply advancing a number of reasonable claims of error and not having the court endorse each claim of error." (doc. 27 at 5-6.) He also objects to the time requested for "pointless research" almost a

---

11 Because Plaintiff seeks a monthly cost of living adjustment and the Commissioner does not object, the hours are reduced as follows: 2.2 hours from the total 49.6 hours at $198.75;.2 hours from the total 9 hours at $201.25; and .1 hours from the total 18.6 hours at $202.50.

12 Plaintiff's 9 total attorney hours at $201.25 are further reduced by .7.

year after the briefing was complete. (*Id.* at 7.)

**a. Unsuccessful Arguments**

Federal courts have "previously rejected the suggestion that counsel should be compensated only for a single argument that succeeds in winning remand" in a social security case. *See Johns v. Colvin*, No. 3:13-CV-4420-BH, 2016 WL 1366267, at *3 (N.D. Tex. Apr. 6, 2016) (citing *Swager v. Astrue*, No. 09-05050-CV-SW-DGK, 2011 WL 2634229, at *2 (W.D. Mo. July 5, 2011)); *see also Cole v. Berryhill*, No. CV 17-46-GF-JTJ, 2018 WL 5808800, at *3 (D. Mont. Nov. 6, 2018) ("The Court's rejection of [the plaintiff's] other arguments does not support a reduction in the attorney hours claimed."); *Harrell v. Berryhill*, No. 16-CV-02428-MEJ, 2017 WL 3421923, at *2 (N.D. Cal. Aug. 9, 2017) ("The Court's decision to not reach the second argument of [the plaintiff's] argument does not support a reduction of fees."); *Eastman v. Astrue*, No. 3:11-CV-00701-PK, 2013 WL 1130784, at *4 (D. Or. Jan. 25, 2013) ("The government's premise that EAJA fees can only be awarded for attorney hours spent pursuing winning arguments is flawed.").

"It is not the role of the court to look back and, with the advantage of hindsight, criticize counsel for being overly zealous in bringing facts and legal issues to the attention of the court." *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1179 (S.D. Iowa 2007). "Generally, 'a fee award presumptively encompasses all aspects of the civil action' in the absence of 'unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion.'" *Rodgers v. Astrue*, No. 09-1214 (DWF/SER), 2011 WL 721528, at *3 (D. Minn. Feb. 3, 2011), *adopted by* 2011 WL 721245 (D. Minn. Feb. 22, 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). Like other fee-shifting statutes, the EAJA favors treating a case as an inclusive whole, rather than as atomized line-items. *Commissioner, INS v. Jean*, 496

U.S. 154, 161-62 (1990). Under the EAJA, once the criteria is satisfied, the EAJA mandates payment of fees. "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate." *Rice v. Astrue*, 609 F.3d 831, 835 (5th Cir. 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 769 (2002)).

Here, the Commissioner has conceded that Plaintiff is a prevailing party and entitled to attorney's fees under the EAJA. (*See* doc. 27 at 10.) Plaintiff prevailed on his first issue, and the case was remanded without consideration of the remaining three issues, including his challenge to the validity of the agency's rule-making authority. (doc. 20 at 9-13.) Reasonable attorney work hours related to issues that were not reached on appeal should not be reduced merely because they were not addressed on appeal, however. *See Harrell*, 2017 WL 3421923, at *2. Because Plaintiff has provided a reasonable explanation for the number of attorney hours in this case, the Commissioner's objection is overruled. *See Johns*, 2016 WL 1366267, at *4 (overruling the Commissioner's objection to the plaintiff's EAJA application for attorney work hours for four issues on presented on appeal, including one novel argument).

**b. Pointless Research**

The Commissioner also argues that Plaintiff seeks fees for "pointless research," and that 6.1 hours for that research in 2020 should be deducted. (doc. 27 at 5, 7-8.)

Plaintiff alleges that he "spent extra time researching to make several novel arguments that do not typically appear in an appeal". *See Williams v. Berryhill*, No. 3:17-CV-3277-B-BN, 2019 WL 3006812, at *2 (N.D. Tex. July 10, 2019) (citing *Johns v. Colvin*, 2016 WL 1366267, at *4 (N.D. Tex. Apr. 6, 2016))(The "determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical."). Because the research was not

related to the issues presented in the brief, the 6.1 hours are deducted.[13]

***4. Excessive Hours***

The Commissioner next objects to 12.7 hours of attorney work spent on "an inordinate amount of time for research[.]" (*See* doc. 27 at 9.) He argues that Plaintiff's attorney hours should be reduced because the "the typical request for reimbursement of attorney's hours in an EAJA application is between 30 and 40 hours." (*See id.* at 8.)

Here, Plaintiff presented four issues for review, including a "novel" challenge to "the authority of SSA to promulgate an interpretive rule requiring a claimant to rule out all other causes that might explain a migraine headache before the Commissioner could find migraine headaches medically determinable[.]" (*See* doc. 12 at 5; 24 at 5.) He also challenged the alleged failure to give weight to a treating source opinion, and the alleged failure to apply the correct legal standard to determine the value of his VA disability rating on his disability application. (*Id*.) The Statement reflects thirteen separate entries, totaling 12.7 attorney hours, generally reflecting research for Plaintiff's initial brief, the plausibility or possibility of additional arguments, and review of potentially relevant authority. (doc. 24 at 17-22.) Several of these entries state only "research for initial brief," but do not indicate which of the four issues was researched. (*Id*.)

The "determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical," however *Darby v. Saul*, No. 1:17-CV-00032-C, 2019 WL 6791009, at *6 (N.D. Tex. Nov. 27, 2019), *report and recommendation adopted sub nom. Kimberly Kathryn D. v. Saul*, No. 1:17-CV-032-C-BU, 2019 WL 6790397 (N.D. Tex. Dec. 12,

13 Plaintiff's total of 46.9 attorney hours at $198.75 is reduced by 1.1 hours, and his total of 18.6 attorney hours at $202.50 is reduced by 5.0 hours.

2019) (citing *Johns*, 2016 WL 1366267, at *4). As noted, Plaintiff bears the burden of proof to show the reasonableness of the number of hours sought. *See Von Clark v. Butler*, 916 F.2d at 259; *see also Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987). Although Plaintiff contends that he "reasonably expended more hours on novel arguments that do not typically—if ever—appear in an appeal under 42 U.S.C § 405(g)," his time entries contained in the Statement do not provide enough information to determine their reasonableness. (doc. 28 at 6.) Because he has not provided sufficient explanation or documentation to determine their reasonableness, the 12.7 hours will be deducted. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining "[w]here the documentation of hours is inadequate," which hampers a court's ability to make an informed decision regarding the reasonableness of hours claimed, "the district court may reduce the award accordingly").

Because he has not met his burden to show that 12.7 hours of research were reasonable, Plaintiff's attorney work hours are reduced by 12.7 hours.[14]

***5. EAJA Application***

In his reply, Plaintiff also seeks 8.5 hours for filing and defending his EAJA application at an hourly rate of $202.50. (doc. 28 at 9.)

Under the EAJA, the fee award covers the cost of "all phases of successful litigation" incurred by a party. *Darby*, 2019 WL 6791009, at *6 (citing *INS v. Jean*, 496 U.S. 154, 164-166 (1990)). This includes the fees incurred in defending a fee application. *See Sandoval*, 86 F. Supp.2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)) (awarding plaintiff

14 Plaintiff's total of 46.9 hours at $198.75 is further reduced by 11 hours, and his total of 9 hours at $201.25 is also further reduced by 1.7 hours.

28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *1 n. 1 (N.D. Tex. Mar. 15, 2011) (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections), *adopted by* 2011 WL 2990368 (N.D. Tex. July 22, 2011); *Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n. 1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

Plaintiff's Supplemental Statement attributes 8.5 hours of attorney work hours for litigating his EAJA application. (doc. 28-1 at 2-3.) The Supplemental Statement includes time entries for .7 attorney hours for filing the EAJA application, and 2.7 hours of attorney work for drafting a 9-page reply brief to the Commissioner's response, and it is sufficiently detailed to allow determination of whether the number of hours worked on Plaintiff's EAJA application were reasonable. (doc. 28; 28-1 at 2.) In the billing records for each of these days, Plaintiff's counsel identified each task accomplished that day with more detail than his billing records for his work on the appeal. The total number of hours identified in the billing records are also consistent with the 9-page length of Plaintiff's reply brief, which thoroughly replied to each of the Commissioner's responses to his application for fees. (*See* doc. 28.) Based upon the detailed billing records and filed pleadings, 8.5 hours was reasonably spent filing Plaintiff's EAJA application and litigating his claim. *See Darby v. Saul*, No. 1:17-CV-00032-C, 2019 WL 6791009, at *7 (N.D. Tex. Nov. 27, 2019), *report and recommendation adopted sub nom. Kimberly Kathryn D. v. Saul*, No. 1:17-CV-032-C-BU, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019) (finding the plaintiff's request for 12.4 hours in defending her fee application against the Commissioner's objections reasonable). Accordingly, 8.5 attorney hours for filing and litigation this fee application are reasonable for the

work performed.

In conclusion, Plaintiff's 46.9 attorney work hours at an hourly rate of $198.75 are reduced by 14.3 hours; his 9 total attorney hours at an hourly rate of $201.25 are reduced by 2.6 hours; and his 18.6 total attorney hours at a rate of $202.50 are reduced by 5.1 hours. *See Hayes v. Astrue*, No. 3:09-CV-2018-G BK, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010), *report and recommendation adopted*, No. 3:09-CV-2018-G BK, 2011 WL 9049 (N.D. Tex. Jan. 3, 2011) (finding total attorney hours sought as unreasonable and reducing hours for clerical tasks and as excessive); *see also Velez v. Barnhart*, No. CIV.A. SA01CA1023NN, 2002 WL 31396106, at *3 (W.D. Tex. Sept. 25, 2002) (reducing 23.8 attorney work hours to 14.8 hours for unreasonable research and clerical tasks).

**C. <u>Costs</u>**

Plaintiff additionally seeks $400.00 as reimbursable costs for the filing fee paid in his social security appeal. (*See* doc. 24 at 23.) The Commissioner requests that this $400.00 be separately itemized as costs and paid from the Judgment Fund consistent with the EAJA. (doc. 28 at 10.) Plaintiff does not object to this itemization. (*See* doc. 28.)

The EAJA provides that "a judgment for costs ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). Certain costs, such as filing fees, may be charged against the government of the United States, through the Office of the United States Attorney, and paid from the Judgment Fund by the Department of the Treasury. *See* 31 U.S.C. § 1304. In an appeal of an adverse social security ruling, "[w]hether the fault is that of the Administrative Law Judge, the Appeals Council,

or the Commissioner's lawyers in court, the fault lies with the United States and the United States is liable for costs and fees." *Ingle v. Berryhill*, No. 14-CV-413-CJP, 2017 WL 1178086, at *1 (S.D. Ill. Mar. 30, 2017) (citing 28 U.S.C. § 2412(d)(2)(C)).

Here, Plaintiff successfully brought a civil action against the Commissioner, who was represented by the U.S. Attorney's Office. (*See* docs. 1, 12, 20-21.) Accordingly, reimbursement for costs should be paid from the Judgment Fund under 31 U.S.C. § 1304. *See, e.g.*, *Birge v. Colvin*, No. 3:12-CV-1777-G-BH, 2014 WL 103665, at *1 (N.D. Tex. Jan. 10, 2014) (ordering reimbursable filing fee costs to be paid from the Judgment Fund in an appeal of an adverse social security ruling); *Benton v. Astrue*, No. 3:12-CV-0874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (same).

**D. <u>Receipt of Payment</u>**

The Commissioner argues, and Plaintiff does not appear to disagree, that the award must be made payable to Plaintiff, and not his counsel. (*See* doc. 24, 26.)

The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the award is not subject to any offset by the government. *See, e.g., Goin*, 2013 WL 1797862, at *6 ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *see*

*also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government"). Accordingly, the award of fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

## III. CONCLUSION

Plaintiff's motion is **GRANTED in part**, and he is awarded $10,501.00 in attorney's fees and $400.00 in costs as follows:

(1) 32.6 hours of attorney work at an hourly rate of $198.75, for attorney hours from April through June 2019, and May through June 2020 for a total of $6,479.25;

(2) 6.4 hours of attorney work from July, August, and October 2019, and January 2020 at an hourly rate of $201.25 for a total of $1,288.00;

(3) 13.5 hours of attorney work from April through June 2019 (5 hours for litigating Plaintiff's appeal and 8.5 hours for defending Plaintiff's EAJA fee application) at an hourly rate of $202.50 for a total of $2,733.75; and

(4) $400.00 reimbursable costs as filing fee expenses from the Judgment Fund.

The award of fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

**SO ORDERED** on this 8th day of April, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE